**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| JAMES BUTCHER, Individually and For Others Similarly Situated | Case No. 25-cv-00045 |
| v. | Jury Trial Demanded |
| THE MD GROUP II LLC d/b/a HOMETOWN PHARMACY | Rule 23 Class Action<br>FLSA Collective Action |

**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**

**Summary**

1. James Butcher (Butcher) brings this class and collective action lawsuit to recover unpaid overtime wages and other damages from The MD Group II LLC d/b/a Hometown Pharmacy (Hometown).

2. Hometown employed Butcher as one of its Straight Time Employees (defined below).

3. Hometown paid Butcher and the other Straight Time Employees by the hour.

4. Butcher and the other Straight Time Employees regularly work more than 40 hours a workweek.

5. But Hometown does not pay them overtime wages for hours worked in excess of 40 a workweek.

6. Instead, Hometown pays Butcher and the other Straight Time Employees the same hourly rate for all hours worked, including hours in excess of 40 a workweek ("straight time for overtime").

7. Hometown uniformly misclassifies Butcher and the other Straight Time Employees as exempt from overtime.

8. But Hometown never paid Butcher or the other Straight Time Employees on a "salary

basis."

9. Hometown's straight time for overtime pay scheme violates the Fair Labor Standards Act (FLSA) and Wisconsin law by depriving Butcher and the other Straight Time Employees of the "time and a half" overtime pay they are owed for all hours worked in excess of 40 each workweek.

## JURISDICTION & VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11. This Court also has supplemental jurisdiction over the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

12. This Court has general personal jurisdiction over Hometown with respect to this action because Hometown is a domestic limited liability company and maintains its principal place of business in Rio, Columbia County, Wisconsin.

13. Venue is proper because Hometown maintains its principal place of business in Rio, Columbia County, Wisconsin, which is in this District. 28 U.S.C. 1391(b)(1).

## PARTIES

14. Butcher worked for Hometown as a Pharmacist in various Hometown locations from approximately February 2018 through May 2024.

15. Throughout his employment, Hometown paid Butcher the same hourly rate for all hours worked, including hours worked in excess of 40 a workweek.

16. Butcher's written consent is attached as **Exhibit 1**.

17. Butcher brings this action on behalf of himself and all other similarly situated employees who Hometown paid under its straight time for overtime pay scheme.

18. Hometown paid each of these employees the same hourly rate for all hours worked, including those worked in excess of 40 hours in a workweek.

19. The FLSA Collective of similarly situated employees is defined as:

**All Hometown employees who were paid the same hourly rate for all hours worked, including hours worked in excess of 40 (straight time for overtime), at any time during the past 3 years ("FLSA Collective Members").**

20. Butcher also seeks to represent such a class under Wisconsin law pursuant to FED. R. CIV. P. 23.

21. The Wisconsin Class of similarly situated employees is defined as:

**All Hometown employees in Wisconsin who were paid the same hourly rate for all hours worked, including hours worked in excess of 40 (straight time for overtime), at any time during the past 2 years ("Wisconsin Class Members").**

22. The FLSA Collective Members and Wisconsin Class Members are collectively referred to as the "Straight Time Employees."

23. Hometown is a Wisconsin limited liability company that maintains its headquarters in Rio, Wisconsin.

24. Hometown is registered to do business in Wisconsin.

25. Hometown may be served with process by serving its registered agent: **Daniel G Strause, 333 Lowville Rd., Rio, Wisconsin 53960**, or wherever he may be found.

## COVERAGE UNDER THE FLSA

26. At all relevant times, Hometown was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

27. At all relevant times, Hometown was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

28. At all relevant times, Hometown was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or

otherwise working on goods or materials, such as cell phones, computers, and medications, that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

29. At all relevant times, Hometown has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

30. At all relevant times, the Straight Time Employees were Hometown's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

31. At all relevant times, the Straight Time Employees were engaged in commerce or in the production of goods for commerce.

## FACTS

32. Hometown "has 60+ [pharmacy] locations throughout Wisconsin"[1] and "[s]ervices more than 195,000 happy customers each month."[2]

33. Hometown touts it "deliver[s] an integrated approach to pharmacy services that extend far beyond just dispensing medications."[3]

34. To meet its business objectives, Hometown hires employees, like Butcher and the other Straight Time Employees, to provide pharmacy services to its clients.

35. Hometown pays the Straight Time Employees by the hour.

36. Hometown routinely schedules the Straight Time Employees to work more than 40 hours a workweek.

37. Instead of paying the Straight Time Employees at 1.5 times their regular rates of pay for hours worked in excess of 40 a workweek, Hometown pays them same hourly rate for all hours worked.

---

[1] https://www.hometownpharmacyrx.com/locations/ (last visited January 14, 2025).
[2] https://www.hometownpharmacyrx.com/pharmacy/ (last visited January 14, 2025).
[3] https://www.hometownpharmacyrx.com/about-us/ (last visited January 14, 2025).

38. While exact job titles and job duties may differ, these employees are subjected to the same or similar pay practice for similar work, Hometown's straight time for overtime pay scheme.

39. For example, Butcher worked for Hometown as a pharmacist from approximately February 2018 to May 2024 at Hometown pharmacies in Poynette, New Glaris, and Bellville, Wisconsin, among other locations, subject to the same policies, procedures, and expectations at each location.

40. As a pharmacist, Butcher's primary job duties included reviewing and filling prescriptions for patients called in by their doctors and occasionally weighing, measuring, and compounding medications.

41. Hometown typically scheduled Butcher to work 9 a.m. to 6 p.m. Monday through Friday and 9 a.m. to 1 p.m. every other Saturday (45 to 49 hours a workweek).

42. Hometown paid Butcher under its straight time for overtime pay scheme.

43. Specifically, Hometown required Butcher to record his hours worked via its Paychex timekeeping system and paid him the same hourly rate, $54 an hour, for all hours worked, including hours worked in excess of 40 a workweek.

44. For example, during the January 16 to 31, 2024 pay period, Butcher worked 102.93 hours and Hometown paid him the same $54 an hour for all hours worked:

| EARNINGS | BASIS OF PAY | DESCRIPTION | HRS/UNITS | RATE | CURRENT ($) | YTD HRS/UNITS | YTD ($) |
|---|---|---|---|---|---|---|---|
| | | Regular | 102.9300 | 540000 | 5558.22 | 247.0000 | 13338.00 |
| | | Holiday | | | | 16.0000 | 864.00 |
| | | Vacation | | | | 8.0000 | 432.00 |
| | | Vacation Carry Over | 4.0000 | 540000 | 216.00 | 28.0000 | 1512.00 |
| | | Total Hours | 106.9300 | | | 299.0000 | |
| | | Total Hrs Worked | 102.9300 | | | | |
| | | Gross Earnings | | | 5774.22 | | 16146.00 |
| | | Mileage | | | | | 18.75 |
| | | REIMB & OTHER PAYMENTS | | | | | 18.75 |

45. And Hometown requires the other Straight Time Employees to record the number of hours they work, as well.

46. Like Butcher, the other Straight Time Employees regularly work more than 40 hours a workweek.

47. The other Straight Time Employees worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

48. Indeed, like Butcher, the Straight Time Employees typically work 9 hours a day, for 5 to 6 days a week (45 to 54 hours a workweek).

49. Butcher and the other Straight Time Employees work in accordance with the schedule set by Hometown.

50. When Butcher and the Straight Time Employees work more than 40 hours in a workweek, Hometown does not pay them overtime wages of at least 1.5 times their regular rates of pay.

51. Hometown only pays Butcher and the Straight Time Employees straight time for overtime.

52. Hometown does not pay Butcher and the other Straight Time Employees on a "salary basis."

53. That is, Hometown does not pay them a guaranteed sum on a weekly or less frequent basis that is not subject to reduction based on the quality or quantity of work.

54. Hometown only pays Butcher and the other Straight Time Employees for the hours they actually work.

55. Butcher and the Straight Time Employees are non-exempt employees and, therefore, entitled to overtime wages.

56. But Hometown does not pay them overtime wages when they work more than 40 hours in a workweek, in violation of the FLSA and Wisconsin law.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

57. Butcher brings his claims as a class and collective action on behalf of himself and the other Straight Time Employees.

58. The Straight Time Employees are uniformly victimized by Hometown's straight time for overtime pay scheme.

59. Other Straight Time Employees worked with Butcher and indicated they were paid in the same manner, performed similar work, and were subject to Hometown's same straight time for overtime pay scheme.

60. Based on his experience with Hometown, Butcher is aware Hometown's illegal practices were imposed on other Straight Time Employees.

61. The Straight Time Employees are similarly situated in the most relevant respects.

62. Even if their precise job duties and locations might vary, these differences do not matter for the purposes of determining their entitlement to overtime.

63. Any relevant exemption defenses would require Hometown to pay the Straight Time Employees on a salary basis.

64. Because Hometown fails the salary basis test with respect to the Straight Time Employees, the specific job duties performed by them are largely irrelevant.

65. The only relevant issue is whether the Straight Time employees worked more than 40 hours in a workweek.

66. Therefore, the specific job titles or precise job locations of the various Straight Time Employees do not prevent class or collective treatment.

67. Rather, Hometown's straight time for overtime pay scheme renders Butcher and the other Straight Time Employees similarly situated for the purpose of determining their right to overtime pay.

68. Hometown's records reflect the number of hours recorded worked each week by the Straight Time Employees.

69. Hometown's records also show the Straight Time Employees were paid "straight time," instead of "time and a half," for hours they worked in excess of 40 a workweek.

70. The back wages owed to Butcher and the other Straight Time Employees can therefore be calculated using the same formula applied to the same records.

71. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Hometown's records, and there is no detraction from the common nucleus of liability facts.

72. Therefore, the issue of damages does not preclude class or collective treatment.

73. Butcher's experiences are therefore typical of the experiences of the Straight Time Employees.

74. Butcher has no interest contrary to, or in conflict with, the other Straight Time Employees.

75. Like each Straight Time Employee, Butcher has an interest in obtaining the unpaid wages owed under federal and Wisconsin law.

76. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of this Action.

77. Absent this class and collective action, many Straight Time Employees will not obtain redress for their injuries, and Hometown will reap the unjust benefits of violating the FLSA and Wisconsin law.

78. Further, even if some of the Straight Time Employees could afford individual litigation, it would be unduly burdensome to the judicial system and Hometown.

79. Concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Straight Time Employees' claims.

80. The questions of law and fact that are common to each Straight Time Employee predominate over any questions affecting solely the individual members.

81. Among the common questions of law and fact are:

   a. Whether Hometown applied its straight time for overtime pay scheme to the Straight Time Employees;

   b. Whether Hometown misclassified the Straight Time Employees as exempt from the FLSA's and Wisconsin's overtime provisions;

   c. Whether the Straight Time Employees are non-exempt employees entitled to overtime wages;

   d. Whether Hometown's straight time for overtime pay scheme satisfies the "salary basis" test;

   e. Whether Hometown's straight time for overtime pay scheme deprived the Straight Time Employees of premium overtime wages they are owed under the FLSA and Wisconsin law;

   f. Whether Hometown's decision to misclassify the Straight Time Employees as exempt from overtime was made in good faith;

   g. Whether Hometown's decision not to pay the Straight Time Employees overtime wages was made in good faith; and

   h. Whether Hometown's FLSA and Wisconsin law violations were willful?

82. Butcher knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

83. As part of its regular business practices, Hometown intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and Wisconsin law with respect to the Straight Time Employees.

84. Hometown's straight time for overtime pay scheme deprived Butcher and the other Straight Time Employees of the overtime wages they are owed under state and federal law.

85. There are many similarly situated Straight Time Employees who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

86. This notice should be sent to the Straight Time Employees pursuant to 29 U.S.C. § 216(b).

87. The Straight Time Employees are known to Hometown, are readily identifiable, and can be located through Hometown's business and personnel records.

### HOMETOWN'S WAGE VIOLATIONS WERE WILLFUL

88. Hometown knew it was subject to the FLSA's and Wisconsin law's overtime provisions.

89. Hometown knew the FLSA and Wisconsin required it to pay non-exempt employees, including the Straight Time Employees, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 a workweek.

90. Hometown knew each Straight Time Employee worked more than 40 hours in at least one workweek during the three years before this Complaint was filed because it expected and required them to do so.

91. Hometown knew the Straight Time Employees were its hourly employees.

92. Hometown knew it paid the Straight Time Employees by the hour.

93. Hometown knew it paid the Straight Time Employees straight time for overtime.

94. Hometown knew it did not pay the Straight Time Employees on a "salary basis."

95. Hometown knew it needed to pass the salary basis test to qualify for any exemptions it might claim with respect to the Straight Time Employees.

96. Nonetheless, Hometown misclassified the Straight Time Employees as exempt and refused to pay them overtime.

97. Hometown's decision to misclassify Butcher and the other Straight Time Employees as exempt employees was neither reasonable, nor was the decision to misclassify these employees as exempt made in good faith.

98. Hometown's failure to pay Butcher and the other Straight Time Employees overtime compensation was neither reasonable, nor was the decision not to pay these employees overtime compensation made in good faith.

99. Hometown knew, should have known, or showed reckless disregard for whether the conduct described in this Complaint violated the FLSA and Wisconsin law.

100. Hometown knowingly, willfully, and/or in reckless disregard carried out its straight time for overtime pay scheme that deprived the Straight Time Employees of premium overtime wages in violation of the FLSA and Wisconsin law.

<u>COUNT I</u>

**FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA**
**(FLSA COLLECTIVE)**

101. Butcher brings his FLSA claims as a collective action on behalf of himself and the other FLSA Collective Members.

102. Hometown violated, and is violating, the FLSA by employing non-exempt employees (Butcher and the FLSA Collective Members) in a covered enterprise for workweeks longer than 40

hours without paying such non-exempt employees overtime wages at rates not less than 1.5 times their regular rates of pay for hours worked in excess of 40 a workweek.

103. Hometown's unlawful conduct harmed Butcher and the other FLSA Collective Members by depriving them of the overtime wages they are owed.

104. Accordingly, Butcher and the FLSA Collective Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular rates of pay, plus an equal amount as liquidated damages, as well as attorney's fees and costs.

**COUNT II**

**FAILURE TO PAY OVERTIME WAGES UNDER WISCONSIN LAW**
**(WISCONSIN CLASS)**

105. Butcher brings his Wisconsin overtime claims on behalf of herself and the other Wisconsin Class Members as a class action pursuant to FED. R. CIV. P. 23.

106. At all relevant times, Hometown was a covered "employer" within the meaning of WIS. STAT. §§ 103.01(1) and 109.01(2) and WIS. ADMIN. CODE § 274.03.

107. At all relevant times, Butcher and each Wisconsin Class Member was Hometown's covered "employee" within the meaning of WIS. STAT. §§ 103.001(5) and 109.01(1r) and WIS. ADMIN. CODE § 274.03.

108. Wisconsin law requires each covered employer, including Hometown, to compensate all non-exempt employees, including Butcher and the other Wisconsin Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked over 40 in a workweek.

109. Butcher and the other Wisconsin Class Members are entitled to premium overtime wages under Wisconsin law.

110. Hometown violated, and is violating, Wisconsin law by employing non-exempt employees, Butcher and the other Wisconsin Class Members, for workweeks longer than 40 hours

without paying them overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

111. Hometown's unlawful conduct harmed Butcher and the other Wisconsin Class Members by depriving them of the overtime wages they are owed.

112. Accordingly, Butcher and the other Wisconsin Class Members are entitled to recover their unpaid overtime wages under Wisconsin law in an amount equal to 1.5 times their regular rates of pay, plus an amount equal to 50% of their unpaid overtime wages as civil penalties under Wisconsin law per WIS. STAT. § 109.11(1), as well as attorney's fees and costs.

## JURY DEMAND

113. Butcher demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Butcher, individually and on behalf of the other Straight Time Employees, seeks the following relief:

   a. An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the Straight Time Employees allowing them to join this action by filing their written consent;

   b. An Order designating this lawsuit as a class action pursuant to FED. R. CIV. P. 23;

   c. An Order appointing Butcher and her counsel to represent the interests of the Straight Time Employees;

   d. An Order pursuant to Section 16(b) of the FLSA finding Hometown liable for unpaid back wages due to Butcher and the other Straight Time Employees, plus liquidated damages in an amount equal to their unpaid wages;

  e. An Order finding Hometown liable under Wisconsin law for unpaid overtime wages due to Butcher and the other Wisconsin Class Members, plus an amount equal to 50% of their unpaid overtime wages as civil penalties under Wisconsin law;

  f. A Judgment against Hometown awarding Butcher and the other Straight Time Employees all their unpaid wages, liquidated damages, and any other penalties available under the FLSA and Wisconsin law;

  g. An Order awarding attorney's fees, costs, and expenses;

  h. Pre- and post-judgment interest at the highest applicable rates; and

  i. Such other and further relief as may be necessary and appropriate.

Dated: January 22, 2025	Respectfully submitted,

**HAWKS QUINDEL, SC**

By: */s/ Larry A. Johnson*
Larry A. Johnson
Wisconsin Bar No. 1056619
Connor J. Clegg
Wisconsin Bar No. 1118534
*Local Counsel for Plaintiff*
5150 North Port Washington Road, Suite 243
Milwaukee, WI 53217
Tel: (414) 271-8650
Fax: (414) 207-6079
ljohnson@hq-law.com
cclegg@hq-law.com

Michael A. Josephson*
TX Bar No. 24014780
Andrew W. Dunlap*
TX Bar No. 24078444
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Phone: (713) 352-1100
Fax:    (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
TX Bar No. 24001807
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Phone: (713) 877-8788
Fax:    (713) 877-8065
rburch@brucknerburch.com

*Pro hac vice applications forthcoming*

**ATTORNEYS FOR BUTCHER &
THE STRAIGHT TIME EMPLOYEES**