UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

JAMES BUTCHER, Individually and for
Others Similarly Situated

                           Case No. 25-cv-00045

              Plaintiff,

v.                                     **ANSWER & AFFIRMATIVE DEFENSES**

THE MD GROUP II LLC d/b/a
HOMETOWN PHARMACY

              Defendant.

---

Defendant, The MD Group II LLC d/b/a Hometown Pharmacy ("Hometown"), by its attorney William E. Fischer of von Briesen & Roper, s.c., hereby submits its answer and affirmative defenses to the Plaintiff's complaint as follows:

### Summary

1. Paragraph 1 contains a statement of purpose of the lawsuit and no factual allegations. To the extent paragraph 1 contains factual allegations, deny.

2. Hometown admits that it employed Butcher; deny any other factual allegations in paragraph 2.

3. Hometown admits that it paid certain employees on an hourly basis. Deny any other factual allegations in paragraph 3.

4. Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore denies.

5. Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies.

6.      Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore denies.

7.      Paragraph 7 contains only legal conclusions to which no response is required.  To the extent paragraph 7 contains any factual allegations to which a response is required, deny.

8.      Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore denies.

9.      Paragraph 9 contains only legal conclusions to which no response is required.  To the extent paragraph 9 contains any factual allegations to which a response is required, deny.

## JURISDICTION & VENUE

10.     Paragraph 10 contains only legal conclusions to which no response is required.  To the extent paragraph 10 contains any factual allegations to which a response is required, deny.

11.     Paragraph 11 contains only legal conclusions to which no response is required.  To the extent paragraph 11 contains any factual allegations to which a response is required, deny.

12.     Admit.

13.     Admit.

## PARTIES

14.     Admit.

15.     Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore denies.

16.     Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies.

17.     Paragraph 17 contains no factual allegations to which a response is required.  To the extent paragraph 17 contains any factual allegations requiring a response, deny.

18.     Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies.

19.     Paragraph 19 contains no factual allegations to which a response is required.  To the extent paragraph 19 contains any factual allegations requiring a response, deny.

20.     Paragraph 20 contains no factual allegations to which a response is required.  To the extent paragraph 20 contains any factual allegations requiring a response, deny.

21.     Paragraph 21 contains no factual allegations to which a response is required.  To the extent paragraph 21 contains any factual allegations requiring a response, deny.

22.     Paragraph 22 contains no factual allegations to which a response is required.  To the extent paragraph 22 contains any factual allegations requiring a response, deny.

23.     Admit.

24.     Admit.

25.     Admit.

**COVERAGE UNDER THE FLSA**

26.     Paragraph 26 contains only legal conclusions to which no response is required.  To the extent paragraph 26 contains any factual allegations to which a response is required, deny.

27.     Paragraph 27 contains only legal conclusions to which no response is required.  To the extent paragraph 27 contains any factual allegations to which a response is required, deny.

28.     Paragraph 28 contains only legal conclusions to which no response is required.  To the extent paragraph 28 contains any factual allegations to which a response is required, deny.

29.     Admit.

30.     serethe extent paragraph 30 contains any factual allegations to which a response is required, deny.

31. Paragraph 31 contains only legal conclusions to which no response is required. To the extent paragraph 31 contains any factual allegations to which a response is required, deny.

## FACTS

32. Admit that the quoted statement appears on Hometown's website.

33. Admit that the quoted statement appears on Hometown's website.

34. Admit that Hometown hires employees to provide pharmacy services. Deny any other factual allegation in paragraph 34.

35. Admit that Hometown pays certain of its employees by the hour. Deny any other factual allegations in paragraph 35.

36. Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore denies.

37. Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore denies.

38. Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38, and therefore denies.

39. Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39, and therefore denies.

40. Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40, and therefore denies.

41. Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41, and therefore denies.

42. Deny.

43.     Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43, and therefore denies.

44.     Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore denies.

45.     Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45, and therefore denies.

46.     Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore denies.

47.     Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 47, and therefore denies.

48.     Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 48, and therefore denies.

49.     Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 49, and therefore denies.

50.     Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore denies.

51.     Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 51, and therefore denies.

52.     Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 52, and therefore denies.

53.     Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53, and therefore denies.

54. Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 54, and therefore denies.

55. Paragraph 55 contains only legal conclusions to which no response is required. To the extent paragraph 55 contains any factual allegations to which a response is required, deny.

56. Paragraph 56 contains only legal conclusions to which no response is required. To the extent paragraph 56 contains any factual allegations to which a response is required, deny.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

57. Paragraph 57 contains no factual allegations to which a response is required. To the extent paragraph 57 contains any factual allegations requiring a response, deny.

58. Deny.

59. Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 59, and therefore denies.

60. Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 60, and therefore denies.

61. Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 61, and therefore denies.

62. Paragraph 62 contains only legal conclusions to which no response is required. To the extent paragraph 62 contains any factual allegations to which a response is required, deny.

63. Paragraph 63 contains only legal conclusions to which no response is required. To the extent paragraph 63 contains any factual allegations to which a response is required, deny.

64. Paragraph 64 contains only legal conclusions to which no response is required. To the extent paragraph 64 contains any factual allegations to which a response is required, deny.

65.     Paragraph 65 contains only legal conclusions to which no response is required.  To the extent paragraph 65 contains any factual allegations to which a response is required, deny.

66.     Paragraph 66 contains only legal conclusions to which no response is required.  To the extent paragraph 66 contains any factual allegations to which a response is required, deny.

67.     Paragraph 67 contains only legal conclusions to which no response is required.  To the extent paragraph 67 contains any factual allegations to which a response is required, deny.

68.     Admit that Hometown's records reflect the number of hours recorded worked each week by its employees.  Deny any other allegations in paragraph 68.

69.     Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 69, and therefore denies.

70.     Paragraph 70 contains only conclusory or speculative allegations to which no response is required.  To the extent paragraph 70 contains any factual allegations requiring a response, deny.

71.     Paragraph 71 contains only conclusory or speculative allegations to which no response is required.  To the extent paragraph 71 contains any factual allegations requiring a response, deny.

72.     Paragraph 72 contains only legal conclusions to which no response is required.  To the extent paragraph 72 contains any factual allegations to which a response is required, deny.

73.     Paragraph 73 contains only legal conclusions to which no response is required.  To the extent paragraph 73 contains any factual allegations to which a response is required, deny.

74.     Paragraph 74 contains only legal conclusions to which no response is required.  To the extent paragraph 74 contains any factual allegations to which a response is required, deny.

75. Paragraph 75 contains only conclusory or speculative allegations to which no response is required. To the extent paragraph 75 contains any factual allegations requiring a response, deny.

76. Paragraph 76 contains only legal conclusions to which no response is required. To the extent paragraph 76 contains any factual allegations to which a response is required, deny.

77. Paragraph 77 contains only conclusory or speculative allegations, or legal conclusions, to which no response is required. To the extent paragraph 77 contains any factual allegations requiring a response, deny.

78. Paragraph 78 contains only conclusory or speculative allegations, or legal conclusions, to which no response is required. To the extent paragraph 78 contains any factual allegations requiring a response, deny.

79. Paragraph 79 contains only conclusory or speculative allegations, or legal conclusions, to which no response is required. To the extent paragraph 79 contains any factual allegations requiring a response, deny.

80. Paragraph 80 contains only conclusory or speculative allegations, or legal conclusions, to which no response is required. To the extent paragraph 80 contains any factual allegations requiring a response, deny.

81. Paragraph 81 contains only conclusory or speculative allegations, or legal conclusions, to which no response is required. To the extent paragraph 81 contains any factual allegations requiring a response, deny.

82. Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 82, and therefore denies.

83.    Paragraph 83 contains only legal conclusions to which no response is required.  To the extent paragraph 83 contains any factual allegations to which a response is required, deny.

84.    Paragraph 84 contains only conclusory or speculative allegations, or legal conclusions, to which no response is required.  To the extent paragraph 84 contains any factual allegations requiring a response, deny.

85.    Paragraph 85 contains only conclusory or speculative allegations, or legal conclusions, to which no response is required.  To the extent paragraph 85 contains any factual allegations requiring a response, deny.

86.    Paragraph 86 contains only conclusory or speculative allegations, or legal conclusions, to which no response is required.  To the extent paragraph 86 contains any factual allegations requiring a response, deny.

87.    Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 82, and therefore denies.

### HOMETOWN'S WAGE VIOLATIONS WERE WILLFUL

88.    Hometown admits to being subject to the FLSA and Wisconsin law, states that the remaining allegations in paragraph 88 contain legal conclusions to which no response is required.  To the extent those remaining allegations contain any factual allegations requiring a response, deny.

89.    Hometown admits to being subject to the FLSA and Wisconsin law, states that the remaining allegations in paragraph 89 contain legal conclusions to which no response is required.  To the extent those remaining allegations contain any factual allegations requiring a response, deny.

90.    Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 90, and therefore denies.

91.    Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 91, and therefore denies.

92.    Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 92, and therefore denies.

93.    Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 93, and therefore denies.

94.    Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 94, and therefore denies.

95.    Hometown admits to being subject to the FLSA and Wisconsin law, states that the remaining allegations in paragraph 95 contain legal conclusions to which no response is required. To the extent those remaining allegations contain any factual allegations requiring a response, deny.

96.    Hometown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 96, and therefore denies.

97.    Paragraph 97 contains only conclusory or speculative allegations, or legal conclusions, to which no response is required.  To the extent paragraph 98 contains any factual allegations requiring a response, deny.

98.    Paragraph 98 contains only conclusory or speculative allegations, or legal conclusions, to which no response is required.  To the extent paragraph 98 contains any factual allegations requiring a response, deny.

99.    Paragraph 99 contains only conclusory or speculative allegations, or legal conclusions, to which no response is required.  To the extent paragraph 99 contains any factual allegations requiring a response, deny.

100.    Deny.

## COUNT I

### FAIRLURE TO PAY OVERTIME WAGES UNDER FLSA
### (FLSA COLLECTIVE)

101.    Paragraph 101 contains a statement of purpose to which no response is required. To the extent paragraph 101 contains any factual allegations requiring a response, deny.

102.    Paragraph 102 contains only legal conclusions to which no response is required. To the extent paragraph 102 contains any factual allegations to which a response is required, deny.

103.    Deny.

104.    Paragraph 104 contains only legal conclusions to which no response is required. To the extent paragraph 104 contains any factual allegations to which a response is required, deny.

## COUNT II

### FAILURE TO PAY OVERTIME WAGES UNDER WISCONSIN LAW
### (WISCONSIN CLASS)

105.    Paragraph 105 contains a statement of purpose to which no response is required. To the extent paragraph 105 contains any factual allegations requiring a response, deny.

106.    Paragraph 106 contains only legal conclusions to which no response is required. To the extent paragraph 106 contains any factual allegations to which a response is required, deny.

107.    Paragraph 107 contains only legal conclusions to which no response is required. To the extent paragraph 107 contains any factual allegations to which a response is required, deny.

108.     Paragraph 108 contains only legal conclusions to which no response is required. To the extent paragraph 108 contains any factual allegations to which a response is required, deny.

109.     Paragraph 109 contains only legal conclusions to which no response is required. To the extent paragraph 109 contains any factual allegations to which a response is required, deny.

110.     Paragraph 110 contains only legal conclusions to which no response is required. To the extent paragraph 110 contains any factual allegations to which a response is required, deny.

111.     Deny.

112.     Paragraph 112 contains only legal conclusions to which no response is required. To the extent paragraph 112 contains any factual allegations to which a response is required, deny.

## JURY DEMAND

113.     Paragraph 113 does not contain any allegations requiring a response.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to Plaintiff's Complaint, Defendant states as follows:

1.     All or part of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's Complaint fails to the extent it is outside of the bounds of applicable statutes of limitation.

3.     Plaintiff's Collective Action allegations fail to meet at least one of the criteria required for certification of the proposed collective, as set forth in 29 U.S.C. § 216 and associated statutes, regulations and case law.

4.     Plaintiff's Class Action allegations fail to meet at least one of the criteria required for certification of the proposed class, as set forth in Fed. R. Civ. P. 23 and associated case law.

5.     Plaintiff's Complaint fails, because Hometown acted in accordance with the

- 12 -

requirements of the FLSA and Wisconsin Law in all material respects towards Plaintiff and members of the proposed class and collective.

6. Plaintiff's Complaint fails, because Hometown acted in good faith and reasonably believed that its practices were compliant with the requirements of the FLSA and Wisconsin Law, and in all other material respects with regard to Plaintiff and members of the proposed class and collective.

7. Plaintiff's Complaint fails in whole or in part, to the extent Plaintiff and/or members of the proposed class and collective failed to accurately report their hours or failed to raise any concerns about potential issues with their pay.

8. Hometown Pharmacy hereby re-alleges and incorporates herein by reference as though fully set forth herein, for purposes of preservation only, all of the affirmative defenses contained in Federal Rule of Civil Procedure 8(c)(1).

9. Hometown Pharmacy reserves the right to file such other and further affirmative defenses, which may be determined during discovery to be conducted in this matter.

**WHEREFORE**, Defendant requests that this Court enter a judgment as follows:

a. Dismissal of the plaintiff's complaint on the merits;

b. Costs, disbursements, and reasonable attorney's fees; and

c. Such other relief that this Court deems just and equitable.

Dated: February 28, 2025.

By:  _s/ William E. Fischer_
William E. Fischer; SBN: 1045725
VON BRIESEN & ROPER, S.C.
55 Jewelers Park Drive, Suite 400
Neenah, WI  54956
Direct Dial:  920.232.4843

- 14 -

Email:  William.Fischer@vonbriesen.com

*Attorneys for Defendant The MD Group II*
*LLC d/b/a Hometown Pharmacy*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 28, 2025, a copy of the foregoing document was served via ECF upon all counsel of record in the Court's electronic filing system.

Dated: February 28, 2025

Attorneys for Defendant, The MD Group II LLC d/b/a Hometown Pharmacy

 s/ William E. Fischer
William E. Fischer SBN: 1045725

<u>Mailing Address:</u>
von Briesen & Roper, s.c.
55 Jewelers Park Drive, Suite 400
Neenah, WI 54956
Direct Telephone: 920-232-4843
Email: William.fischer@vonbriesen.com